RAB:SC:DDB
F.# 2010R000100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

       - against -

JOANNA FAN,
    also known as "XIAO PING FAN,"
and ZIMING SHEN,

       Defendants.

- - - - - - - - - - - - - - - - - -x

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(18 U.S.C. §666(a)(1)(A))


M-11-908

EASTERN DISTRICT OF NEW YORK, SS:

    LISA BARRETTI, being duly sworn, deposes and says that she is a Special Agent with the United States Department of Agriculture, Office of the Inspector General ("USDA-OIG"), duly appointed according to law and acting as such.

    Upon information and belief, there is probable cause to believe that between January 2004 and June 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOANNA FAN, also known as "XIAO PING FAN," and ZIMING SHEN, being agents of an organization that received in excess of $10,000 in any one-year period under a Federal program involving a grant, subsidy or other form of Federal assistance, did knowingly, intentionally

and corruptly solicit, demand, accept and agree to accept something of value, to wit: United States currency, with the intent to be influenced and rewarded in connection with business and a series of transactions of such organization involving $5,000 or more.

(Title 18, United States Code, Section 666(a)(1)(A))

The source of your deponent's information and the grounds for her belief are as follows:

1. I make the statements herein based on interviews of the witnesses described below, reports made to me by other law enforcement agents and employees from other government agencies, physical surveillance conducted by myself and other law enforcement officers, and the review and analysis of documents and records from Red Apple Child Development Center ("Red Apple"), the New York State Department of Health ("NYSDOH") and various financial institutions.

2. Because this complaint is submitted only to establish probable cause to arrest, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause. In addition, when I rely on statements made by others, such statements are set forth in part and in substance unless otherwise indicated.

I. <u>The Child Nutrition Act</u>

  3. The Child and Adult Care Food Program ("CACFP"), consolidated and codified in Title 42, United States Code, Sections 1771 and 1751 <u>et</u> <u>seq</u>., is one of the programs under the Child Nutrition Act of 1966. The CACFP authorizes the United States Department of Agriculture ("USDA") through grants to the states, to initiate, maintain and expand nonprofit food service programs for children and adults through institutions that provide care, and is intended to enable such institutions to integrate a nutritious food program with organized care services for enrolled participants. To this end, the CACFP provides funding to such approved, qualifying institutions who provide meals and/or snacks under this program.

  4. The USDA is charged with oversight and administration of the CACFP. It fulfills this function by directing individual state agencies to administer the program for CACFP participating institutions located in their respective states with funds supplied by the USDA. The State of New York's participation in the CACFP is administered by the NYSDOH.

  5. In New York, institutions that provide meals and/or snacks under the CACFP to children and adults in their

3

care can contract directly with the NYSDOH to receive CACFP reimbursement funds. Under the contract, the institution must submit various records, including certified monthly claim forms that list the number of meals and/or snacks it served, to the NYSDOH, which the NYSDOH uses to calculate the amount of reimbursement it will then provide to the institution. Participating institutions are also required to keep various records on file and make them available to NYSDOH officials upon request, including records that document the composition of the meals and/or snacks served, as well as annual family income forms from each participating child or adult.

II. Red Apple Child Development Centers

6. The defendant JOANNA FAN has been the trustee and executive director of Red Apple from 1997 to the present. The defendant ZIMING SHEN, FAN's husband, was made a trustee at Red Apple in 1997. Red Apple is a nonprofit organization that provides nursery school for preschool children from two to five years of age, kindergarten for five-year-old children, and day care for children from birth to five-years of age. Red Apple's programs are conducted at facilities located in Manhattan, Queens and Brooklyn (hereinafter referred to as the "Red Apple Centers").

4

7.  In January 2002, Red Apple applied for and was accepted by NYSDOH into the CACFP. Red Apple has been a participant in the CACFP from that time through the present. Under Red Apple's agreement with NYSDOH, the defendant JOANNA FAN was obligated to provide records to NYSDOH on a regular basis regarding Red Apple's participation in the CACFP, including certified monthly claim reports to NYSDOH for each of the Red Apple Centers. Such records detailed the number of (1) CACFP-eligible children present at Red Apple, (2) days Red Apple provided meals and/or snacks to its CACFP-eligible children, and (3) total meals and/or snacks provided under the CACFP. NYSDOH relied on the information contained in the monthly claim reports to determine the amount of reimbursement funds it then provided to Red Apple.

8.  From March 2002, when Red Apple began receiving CACFP funds, through December 2010, NYSDOH records indicate that Red Apple received a total of over $13,500,000 in CACFP funds.

III. <u>The Scheme to Defraud</u>

9.  NYSDOH performed audits of Red Apple in February 2005, June 2007 and August 2009 that revealed that Red Apple, among other things, had been fraudulently collecting more CACFP funds than it was entitled to as a result of false

representations made to NYSDOH by the defendant JOANNA FAN. In addition, the auditors discovered that FAN and defendant ZIMING SHEN defrauded CACFP funds by using moneys from Red Apple's designated CACFP account (the "CACFP Account") for non-program purposes including repaying FAN's personal loans and SHEN's various business ventures. In August 2009, simultaneous with the NYSDOH audit, the USDA-OIG conducted its own review of Red Apple. It found that the defendants defrauded the CACFP by (1) stealing CACFP funds and (2) making false submissions to NYSDOH to fraudulently obtain hundreds of thousands of dollars in program funds to which Red Apple was not entitled.

A. <u>Stealing CACFP Funds</u>

10. CACFP and Red Apple records reveal that the defendant JOANNA FAN stole approximately $1.8 million of program funds in 2008 and 2009. In a written statement to USDA-OIG officials, FAN acknowledged that she had taken the money, but stated that she had "borrowed" it.

11. I have reviewed records showing that on February 29, 2008, FAN wired $156,800 from the CACFP Account to A+ Child Supply, the defendant ZIMING SHEN'S on-line furniture company located in Shanghai, China. SHEN admitted to USDA-OIG auditors that he received the money and used it to purchase inventory

6

for A+ Child Supply. SHEN further stated that he then sold the furniture from A+ Child Supply at a profit to the general public via Amazon.com.

12. SHEN also informed the USDA-OIG auditors that when FAN was in the process of acquiring four new Preschools of America sites, she issued checks from the CACFP Account in the amount of $545,683 to the account of Supermarnet Inc. ("Supermarnet"), another business owned by SHEN, in order to install kitchens at each of the four sites.

13. SHEN stated he had established Supermarnet to provide food to Red Apple under the CACFP. SHEN stated that he received orders from Red Apple, purchased and delivered the food, then billed Red Apple for double the amounts that he had paid for the items. Records obtained from Red Apple reveal, however, that between June 2005 and March 2010 Supermarnet received approximately $2.7 million from the CACFP Account for the sale of food to Red Apple, when invoices for Supermarnet indicated that it spent only approximately $24,000 for food during that period.

14. Red Apple account records also indicate that FAN issued a number of checks from the CACFP Account for other expenses unrelated to the CACFP. For instance, on April 17, 2008, FAN deposited into her personal account a $110,000 check

7

issued to "cash" from the CACFP Account. When interviewed by the USDA-OIG auditors, FAN admitted that she used the funds to pay the Internal Revenue Service for her personal income taxes.[1]

15. Red Apple account records also indicate that on January 2, 2008, FAN transferred $300,000 from the CACFP Account to the account of Preschools of America Inc. ("Preschools of America"), the defendant FAN's for-profit school that is ineligible for CACFP funds.

16. FAN issued a check dated April 25, 2008, in the amount of $23,000 from the CACFP Account to the Preschools of America account.

17. FAN issued another check dated June 27, 2008, in the amount of $200,000, from the CACFP Account to make payments related to three condominiums the defendant FAN owns located in Manhattan, New York.

18. In addition, FAN admitted to USDA-OIG auditors that she had made additional withdrawals from the CACFP Account to pay Red Apple expenses unrelated to the CACFP. Specifically, FAN stated that checks dated September 15, 2008, April 3, 2009 and May 22, 2009, in amounts of $200,000, $100,000 and $100,000, respectively, had been issued by her for

---

[1] According to records reviewed, FAN issued a check to the United States Treasury, dated April 16, 2008 in the amount of $110,000.

8

non-program expenses from the CACFP Account, including paying at least one Red Apple employee's full-time salary even though that employee did not perform work related to the CACFP program.

B. <u>False Claims Made To The NYSDOH</u>

19. The investigation also showed that between January 2004 and June 2010, the defendant JOANNA FAN submitted records to the NYSDOH that over-claimed attendance for purposes of CACFP reimbursement to Red Apple, enabling FAN to fraudulently collect far greater CACFP funds than she was entitled to.

20. For example, a comparison of Red Apple's 2005 attendance sheets with the monthly CACFP statements submitted by FAN for that year reveals that FAN inflated the number of Red Apple's enrolled CACFP participants in its reports to NYSDOH by listing more CACFP participants than the number of children that attended Red Apple Centers. One of the ways that FAN inflated meal count figures was by improperly including teachers and other staff members as children served by the program.

21. In January 2009, to take another example, the defendant JOANNA FAN submitted records claiming that 188

9

children attended Red Apple Centers and consumed a total of 4,700 meals and snacks. In fact, Red Apple's records for the same month show that only 116 children were enrolled in the CACFP, indicating that only approximately 2,900 meals and snacks were served.

22. Disclosure of this affidavit and warrant could result in the flight of the defendants and other targets of the investigation, the destruction of evidence and tampering with witnesses.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendants JOANNA FAN also known as "XIAO PING FAN" and ZIMING SHEN, so that they may be dealt with according to law.

WHEREFORE your deponent further respectfully requests that this affidavit and the arrest warrant be sealed until further order of the Court.

_____
LISA BARRETTI
Special Agent
USDA-OIG

Sworn to before me this
____12____th day of September, 2011

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK